People v Baisley (2018 NY Slip Op 07039)

People v Baisley

2018 NY Slip Op 07039 [32 NY3d 1020]

October 23, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, December 5, 2018

[*1]

The People of the State of New York, Respondent,
v
Steven Baisley, Appellant.

Argued September 13, 2018; decided October 23, 2018

People v Baisley, 55 Misc 3d 148(A), 2017 NY Slip Op 50709(U), affirmed. 

APPEARANCES OF COUNSEL

Richard L. Herzfeld, P.C., New York City (Richard L. Herzfeld of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen (Andrew R. Kass of counsel), for respondent.

{**32 NY3d at 1020} OPINION OF THE COURT

Memorandum.
The order of the Appellate Term should be affirmed.
Defendant's challenge to the authority of Justice Court over criminal charges arising from his noncompliance with a child support order is not properly before this Court. Contrary to the parties' mistaken representation below, the underlying support order was not issued by Family Court but by Supreme Court in the context of defendant's contested matrimonial proceeding.{**32 NY3d at 1021} As defendant concedes, Supreme Court has constitutional authority to issue such an order (see NY Const, art VI, § 7; Family Ct Act § 114; see generally Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 411 ["Family Court is . . . powerless to determine those issues which comprise a (pending) matrimonial action, including child support, unless the matter is specifically referenced to the Family Court by the Supreme Court"]). As a consequence, we have no occasion to opine on defendant's claim that, pursuant to the Family Court Act, Family Court has exclusive and continuing jurisdiction over any criminal charges based on violations of its own support order.
Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.
Order affirmed, in a memorandum.